IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENNY ENRIQUEZ, Jr.; and LORI K. ENRIQUEZ, | ) ) ) | CIV. NO. 10-00281 SOM/KSC |
| Plaintiffs, | ) ) | ORDER DISMISSING COMPLAINT; ORDER TO SHOW CAUSE WHY ROBIN |
| vs. | ) ) | R. HORNER SHOULD NOT BE SANCTIONED |
| AURORA LOAN SERVICES, LLC; | ) ) | |
| Defendant. | ) ) | |

ORDER DISMISSING COMPLAINT

I.     INTRODUCTION AND FACTUAL BACKGROUND.

On May 12, 2010, Benny and Lori Enriquez filed the Complaint in this matter, alleging that Aurora Loan Services, LLC., had violated state and federal statutes in connection with the refinancing of a residential mortgage loan. The Complaint contains very few factual details. It does not, for example, allege when the refinancing occurred or provide any information about the loan.

The Complaint defines Aurora Loan Services, LLC, as "Lender." It alleges that "Lender failed to follow usual and customary underwriting standards in qualifying ENRIQUEZ for a loan, falsified a loan application . . . and falsified income figures." Complaint ¶ 8. It alleges that "Lender failed to provide timely notice of various disclosures concerning said loan application and loan, including, but not limited to, the initial and final Truth in Lending disclosures, the good faith estimate,

the HUD settlement statement, the ARM disclosure, and notification of other consumer rights . . ."  Id. ¶ 9. Broadening the field of alleged wrongdoers, the Complaint later alleges that "Lendor or its predecessors and/or its employees and agents" failed to make various disclosures.  See id. ¶¶ 19-23, 26, 27.

The Complaint further alleges that "Lender . . . falsified a loan application . . . and falsified income figures . . . to qualify ENRIQUEZ for a loan."  Id. ¶ 8.  It claims that "Lender or its predecessors and/or its employees and agents" overstated Plaintiffs' income.  See id. ¶ 12.

The Complaint alleges that "Lender has failed to negotiate in good faith" with respect to a loan modification agreement.  Id. ¶ 35.  Perhaps most notably vague, the Complaint alleges that "Lender or its predecessors and/or its employers and agents had various statutory duties" to provide various enumerated documents under a list of federal acts.  Id. ¶ 46.

Defendant Aurora Loan Services, LLC, moves to dismiss, arguing that Plaintiffs do not adequately plead their case.  See ECF No. 16.  Because the Complaint insufficiently alleges facts supporting the causes of action asserted therein, the Complaint is dismissed.  Plaintiffs are given leave to submit a motion to Magistrate Judge Kevin S.C. Chang that seeks permission to file an Amended Complaint.  The proposed Amended Complaint must be

attached to the motion. Any such motion shall be filed no later than April 13, 2011. If Plaintiffs fail to timely file a motion seeking leave to file an attached Amended Complaint, judgment will be automatically entered in favor of Defendants.

II.     PROCEDURAL HISTORY.

The motion to dismiss was filed on December 27, 2010, and a hearing was set for March 14, 2011. Under this court's rules, the opposition to the motion was due on February 21, 2011. See Local Rule 7.4. On February 28, 2011, because no opposition had been timely filed, court staff called Robin Horner, counsel for Plaintiffs, leaving a message that the opposition had been due the previous week and asking whether an opposition would be filed. On March 2, 2011, Horner submitted a letter requesting an extension to file his opposition no later than March 16, 2011. See ECF No. 24. The court denied the request, noting that the requested extension would have had the opposition filed two days after the scheduled hearing date of March 14, 2011. See ECF No. 23. The court stated that, unless the parties agreed to continue the hearing or a motion to continue was granted, leave to file an opposition by March 16, 2011, was not given. Id.

At 9:44 p.m. on Wednesday, March 9, 2011, two business days before the hearing scheduled for Monday, March 14, 2011, Plaintiffs filed their untimely opposition despite having had their request for leave to file a late opposition denied. This

judge, having been on a mainland trip on Thursday and Friday, March 10 and 11, did not read the opposition until the day of the hearing, March 14, 2011.

III.     ANALYSIS.

Aurora Loan Services seeks dismissal of the Complaint, arguing that it fails to sufficiently allege a claim therein. To survive this challenge, Plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.

The Complaint in this matter lacks facial plausibility. On the one hand, it accuses Aurora Loan Services of improper acts concerning the loan Aurora Loan Services provided to Plaintiffs. On the other hand, the Complaint alleges that these improper acts may have been done by Aurora Loan Services' predecessor.  The Complaint simply does not allege sufficient facts to put Aurora Loan Services, which may not have been involved in the refinancing, on notice of why it is being sued.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555 (noting that Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief is intended to give a defendant fair notice of what the claim is and the grounds on which it rests); <u>William O. Gilley Enter. v. Atl. Richfield Co.</u>, 588 F.3d 659, 667 (9th Cir. 2009) (same); <u>see</u> <u>also</u> <u>Williams v. Boeing Corp.</u>, 517 F.3d 1120, 1130 (9th Cir. 2008) (noting in a post-<u>Twombly</u> case that, although heightened pleading is not required, a complaint must still put the defendant on "'fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 I.S. 506, 512 (2002)).  If, for example, Plaintiffs are seeking successor liability under TILA, the Complaint lacks facts sufficient to put Aurora Loan Services on notice of that.  Certainly, with minimal effort, Plaintiffs

could figure out whether Aurora Loan Services was or was not the original lender and what Aurora Loan Services allegedly did that was improper, as opposed to what some other company might have done. If Plaintiffs are alleging that Aurora Loan Services failed to provide proper initial disclosures, Plaintiffs are encouraged to determine whether they can, in good faith, make such an allegation.

The Complaint contains nothing more than allegations that certain disclosures were not made by someone and that this violates several state and federal statutes that are simply named. The Complaint fails to allege what Aurora Loan Services did and why its conduct was wrongful. Similarly, the Complaint's assertions that Aurora Loan Services refused to negotiate a loan modification in good faith, without more, are insufficient to state a claim. Accordingly, the court dismisses the Complaint for failure to meet the minimal pleading standards.

When the court dismisses a complaint for failing to adequately plead factual allegations, the Ninth Circuit has cautioned that leave to amend should be granted if it appears possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). While this court would normally give Plaintiffs leave to file an amended complaint without requiring advance submission of a proposed amended complaint, the effort Plaintiffs have demonstrated to this point

is so minimal that initial judicial review of any proposed amended complaint is appropriate to ensure that this case will proceed in an orderly course. Plaintiffs may not simply file an amended complaint, but must instead file a motion seeking leave to file an attached amended complaint. Any such motion must be filed no later than April 13, 2011, and will be decided by Magistrate Judge Kevin S.C. Chang. If Plaintiffs fail to timely file a motion seeking leave to file an attached amended complaint, judgment will be automatically entered in favor of Defendants. If Plaintiffs file a motion seeking leave to file an amended complaint, Plaintiffs must ensure that any such amended complaint meets the minimal pleading standards. Any amended complaint should allege facts supporting claims against Aurora Loan Services.

ORDER TO SHOW CAUSE WHY ROBIN H. HORNER SHOULD NOT BE SANCTIONED

Robin R. Horner has a significant federal court practice. Horner is counsel of record in about 30 cases filed with the court in the last year. In these cases, Horner has repeatedly missed court deadlines.

Local Rule 7.4 requires oppositions to motions set for hearing to be "filed not less than twenty-one (21) days prior to the date of the hearing." Notwithstanding this rule, oppositions filed by Horner on behalf of clients have been untimely on more than one occasion. In Rodenhurst v. Bank of America, et al.,

7

Civil No. 10-00167 LEK/BMK, for example, an opposition that was due on January 11, 2011, was not filed until January 14, 2011. Similarly, in <u>Kapahu v. BAC Home Loans Servicing, LP</u>, Civil No. 10-00097 JMS/BMK, an opposition was filed a week late and only after the court issued an order notifying the plaintiffs that the opposition had not been timely filed. In <u>Santiago v Bismark Mortgage Company</u>, Civil No. 10-00467 SOM/KSC, an opposition to a motion for summary judgment was filed two days late. Because that opposition was deficient, the court ordered the plaintiffs to submit admissible evidence in support of their opposition. The court warned the plaintiffs "to follow the court's Local Rules in all future filings with this court."

The hearing on the present motion to dismiss was set for March 14, 2011. The opposition to the motion was due on February 21, 2011. As described above, Plaintiffs did not file their opposition until March 9, 2011. Plaintiffs did not have leave to file the untimely opposition and filed it after having their request to submit a late opposition was denied.

The reason that the opposition deadline is 21 days before the hearing is to allow the moving party time to file a reply. It also gives the court time to prepare for the hearing. Although Horner had the motion for nearly two months, Plaintiffs' opposition was filed only days before the hearing. Because this judge was out of town on the business days between when the

8

opposition was filed and the hearing date, this judge was deprived of the opportunity to prepare for the hearing in the usual course. Instead, this judge first saw the opposition on the day of the hearing. Horner's disregard of the local rules governing the filing of oppositions has forced this court and opposing counsel to do extra and expedited work. Accordingly, Horner is ordered to show cause why he should not pay a sanction of $300 for the late filing of the opposition in this case. Such sanctions are intended to be paid to the court by Horner himself, not by his clients in this case. This order to show cause does not preclude Aurora Loan Services from seeking sanctions payable to it.

A hearing on this order to show cause will be held on May 2, 2011, at 11:15 a.m., before this judge. Any written response to this order to show cause shall be filed by Horner no later than April 11, 2011. Horner may moot out this hearing by delivering a check for $300, payable to "Clerk, U.S. District Court," by April 11, 2011. Any such payment should be accompanied by a copy of this order, so that the Clerk of Court will know why payment is being made. If Horner chooses to moot out the hearing by paying $300 by check, the check should be made out to "Clerk, U.S. District Court." If Horner chooses to pay the $300, rather than to have a hearing on this matter, Horner should send a letter to this judge by April 11, 2011, indicating

that payment has been made and that a hearing is no longer necessary.

IV.     CONCLUSION.

For the foregoing reasons, the court dismisses the Complaint. As described above, Plaintiffs may file a motion seeking leave to file an attached amended complaint no later than April 13, 2011.

Also as set forth above, the court issues an order for Horner to show cause why he should not be sanctioned $300.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 22, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Enriquez v. Aurora Loan Servs., Civil No. 10-00281 SOM/KSC; ORDER DISMISSING COMPLAINT; ORDER TO SHOW CAUSE WHY ROBIN R. HORNER SHOULD NOT BE SANCTIONED